IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21-cr-00162-RAH-SMD |
| | ) | |
| KENRICK LATRELL WEBSTER | ) | |

## **ORDER**

On November 8, 2024, Defendant Kenrick Latrell Webster filed the Joint Motion to Impose Judgment and Waiver of Final Revocation Hearing. (Doc. 77.) The Defendant expressly waived the right to a final hearing. (*Id.*)

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the Rule, Defendant Webster is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). The rule also provides that revocation hearings can be waived by a defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2)

(emphasis added). *See also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule). Given this rule, the Court is satisfied that the Defendant's waiver is sufficient for this Court to proceed without a revocation hearing.

The parties agree that the nature and circumstances of the violation and the history and characteristics of the Defendant warrant that he continue serving his term of supervised release with an additional condition that he immediately enroll in and successfully complete the LifeSource program located in Somerville, Alabama. The Court will accept the parties' agreement and, with the exception of imposing an additional condition, order no action (Doc. 60) on the petition for revocation of supervised release. Thus, the Defendant will continue with his term of supervision. The Court further orders that the terms of the Defendant's supervised release include the **additional condition that the Defendant immediately enroll in the LifeSource program**.

Accordingly, it is

ORDERED as follows:

1. To the extent the Defendant requests the cancellation of the revocation hearing, the Joint Motion, (Doc. 77), is GRANTED;
2. The revocation hearing set for December 4, 2024, is CANCELLED;

3. The Court accepts the parties' agreement as set forth in the Joint Motion, (Doc. 77), and Defendant Webster's waiver of his right to a revocation hearing, (*Id.*);

4. Based on Defendant's plea of no contest, the Court finds that Defendant is guilty of Violations 1, 2, 3, and 4, which are violations of a mandatory condition of the terms of his supervised release, specifically that he should not commit another crime.

5. To the extent the USPO recommends the revocation of the Defendant's term of supervised release, the Petition to Revoke Supervised Release (Doc. 73), there shall be no action;

6. The conditions of release shall be MODIFIED with an additional condition that the Defendant immediately enroll in and successfully complete the LifeSource program located in Somerville, Alabama;

7. Having considered and consulted the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement, **it is the judgment of the Court that Defendant Webster shall continue with the previously imposed term of supervised release with the additional condition that he immediately enroll in and successfully complete the LifeSource Program located in Somerville, Alabama.**

8. The Federal Defender shall provide transportation for Defendant

Webster to the LifeSource Program.

DONE, on this the 15th day of November 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE